UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AMAZING FISHSTORE LLC d/b/a KRMS FARMS and WILDER MEDIA CT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-958 (KMW-AMD) |

ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASSES, APPROVAL OF NOTICE PLAN, AND ORDER ON RELATED MATTERS

This matter having come before the Court by way of the Motion of Amazing Fishstore LLC d/b/a KRMS Farms, and Wilder Media CT, (collectively, "Plaintiffs") seeking (1) preliminary approval of the settlement between Plaintiffs and defendant TD Bank, N.A. ("TD Bank" or "Defendant"); (2) conditional certification of a class for purposes of the settlement; (3) approval of the notice plan; (4) appointment of class counsel for the settlement class; and (5) leave to file a motion for legal fees, reimbursement of expenses, and service awards for the named Plaintiffs; the Court having considered Plaintiffs' Motion pursuant to Federal Rule of Civil Procedure 23; noting no opposition thereto; and for good cause shown;

IT IS this **17th** day of **May 2024** hereby

**ORDERED** that Plaintiffs' Motion is **GRANTED** as follows:

This Court **PRELIMINARILY APPROVES** of the Parties' proposed settlement (the "Settlement") based upon the terms set forth in the Agreement,[1] which is attached as Exhibit 3 to the Joint Declaration of Plaintiffs' Counsel and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Settlement Classes.

---

[1] All capitalized terms defined in the Agreement shall have the same meaning when used in this Order.

1.  The proposed Settlement appears to fall within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Court notes that Defendant has agreed to provide a Settlement Payment Amount of $10,500,000.00, which shall encompass all compensation to the Settlement Classes, inclusive of any award of attorneys' fees, costs, and expenses to Class Counsel; the Service Awards to the named Plaintiffs for their respective contributions to prosecuting the Classes' claims in this Action; and all Administrative Costs (estimated to be approximately $245,000.00). The Settlement also provides for $5,000,000.00 in Overdraft Forgiveness. This amount shall serve to reduce the amounts that Participating Settlement Class Members whose accounts were closed with amounts owed to Defendant for Overdraft Fees, NSF Fees and overdrafts Defendant paid but for which Defendant was not reimbursed.

2.  The Court finds and concludes that the Settlement is non-collusive and is the result of arms-length negotiations between the Parties after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.

3.  In accordance with the Agreement, the Court hereby certifies the following two Settlement Classes for purposes of this Settlement:

> All holders of a TD Bank business checking account, who from February 23, 2016 to and including September 30, 2022, incurred one or more overdraft fees for a debit card transaction that was authorized at a time when the account's available balance was positive, but later paid by the Bank when the account's available balance was insufficient to cover the transaction ("ASPN Fee Class")
>
> and
>
> All holders of a TD Bank business checking account, who from February 23, 2016 to and including September 30, 2022, incurred more than one overdraft fee or NSF fee on a debit transaction that was returned unpaid by the Bank due to insufficient funds and subsequently re-submitted by a merchant or other third party for payment and returned unpaid or paid into overdraft ("Retry Fee Class").

Excluded from the Settlement Classes are Defendant and any judge to whom this Action is or has been assigned. Any persons that exclude themselves from the Settlement in accordance with the provisions set forth in the Notice also shall be excluded.

4. The Court hereby preliminarily finds and concludes, for the purposes of settlement only, that the Settlement Classes satisfy all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

5. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings for purposes of settlement only:

   a. The Settlement Classes satisfy the standard for numerosity in Fed. R. Civ. P. 23(a)(1). The APSN Fee Class is estimated to include approximately 170,000 members, while the Retry Fee Class is estimated to include approximately 110,000 members.

   b. For purposes of settlement only, there are sufficient questions of fact and law that are common to the Settlement Classes regarding Defendant's practices of (1) assessing overdraft fees on debit card transactions that were authorized at a time when the available balance in the customer's account was positive, but later paid by the Bank when the account's available balance was insufficient to cover the transaction, and (2) assessing overdraft fees or NSF fees on debit transactions that were returned unpaid by the Bank due to insufficient funds and subsequently re-submitted by a merchant or other third party for payment, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

   c. For purposes of settlement only, Plaintiffs' claims are typical of the Settlement Class Members because they concern the same alleged TD Bank policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief, thereby satisfying the typicality requirement of Fed. R. Civ. P. 23(a)(3).

   d. Webb, Klase, & Lemond, LLC and Kaliel Gold, PLLC will fairly and adequately represent the Settlement Classes and are appointed as Class Counsel.

   e. Named Plaintiffs Amazing Fishstore LLC d/b/a KRMS Farms and Wilder Media CT will fairly and adequately represent the Settlement Classes and are appointed as Class Representatives.

  f. For purposes of settlement only, common questions of law and fact predominate over individualized issues, because Plaintiffs' claims arise from whether Defendant is liable to Settlement Class Members for assessing overdraft fees on debit card transactions that were authorized at a time when the account's available balance was positive, but later paid by the Bank when the account's available balance was insufficient to cover the transaction, and for assessing overdraft fees or NSF fees on debit transactions that were returned unpaid by the Bank due to insufficient funds and subsequently re-submitted by a merchant or other third party for payment.

  g. The Court further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be exceeded by the cost of litigating on an individual basis.

6. The Court further **APPROVES** Epiq Systems, Inc. (hereinafter the "Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Agreement.

7. The Court finds that the proposed Notice comports with Fed. R. Civ. P. 23 and all constitutional requirements, including those of due process. Non-material modifications to the form and content of the Notice may be made without further order of the Court.

8. The Court further finds that the Notice adequately advises the Settlement Classes about the class action; the terms of the proposed Settlement; the benefits to each Settlement Class Member; the Parties agreement to the proposed fees, costs, and expenses to be awarded to Class Counsel, to be filed thirty (30) days in advance of the objection and exclusion deadlines; each Settlement Class Member's right to object or opt out of the Settlement and the timing and procedures for doing so; Preliminary Approval by the Court of the proposed Settlement; and the date of the Final Approval Hearing as well as the rights of Settlement Class Members to file documentation in support of or in opposition to, and appear in connection with, said hearing.

9. The Court further finds, as specifically described in the Agreement, that the sending of the E-Mail Notice to all Settlement Class Members for whom Defendant has provided the Settlement

4

Administrator with an e-mail address; the mailing of the Mail Notice to all Settlement Class Members to their last known address for whom Defendant has not provided an e-mail address, with updates from the National Change of Address database; and the maintenance of a Settlement Website containing the Complaint, the Agreement, the Long-Form Notice, the Preliminary Approval Order, and any other documents that Class Counsel and Defendant agree to post or that the Court orders posted, until sixty (60) calendar days after distribution of the Net Settlement Fund to Settlement Class Members has been completed, constitute reasonable notice to Settlement Class Members of their rights with respect to the class action and proposed Settlement.

10. Within thirty (30) calendar days of the Court's preliminary approval of the Settlement, Defendant will provide the Settlement Administrator with the following information for each Settlement Class Member: (1) name; (2) last known e-mail address, if available; and (3) last known mailing address.

11. Within thirty (30) calendar days of receiving the names, last known mailing addresses, and last known e-mail addresses, if available, of identifiable Settlement Class Members from Defendant, the Settlement Administrator shall send the Notice to Settlement Class Members in the manner specified in the Agreement.

12. The Court **ORDERS** that any request for exclusion from the Settlement must, in order to be timely and valid, be postmarked no later than sixty (60) days after the Notice Deadline; include the Settlement Class Member's name, address, and last four digits of the Account(s) at issue; state that the Settlement Class Member wants to be excluded from the Settlement in *Amazing Fishstore v. TD Bank, N.A.*, Case No. 1:22-cv-00958-KMW-AMD (D.N.J.), and that the Settlement Class Member understands that they will receive no money or other benefits from the Settlement; identify the Settlement Class Member's counsel, if represented; and must be signed and dated by the Settlement

Class Member.  <u>Any opt out submitted on behalf of a business entity must identify the title of the authorized individual signing the opt-out request</u>.

13. If more than 2% of the total number of Settlement Class Members submit timely and valid opt-out requests, Defendant shall have the option to void the Settlement. To exercise this option, Defendant's counsel must send written notification to Class Counsel within fourteen (14) calendar days of Defendant's receipt of the last timely opt-out statement.

14. Any Participating Settlement Class Member who does not timely and validly request exclusion from the Settlement may object to the Settlement by filing an objection with the Court with copy to Class Counsel and Defendant's counsel.   Any objection must:

> (1) state the objector's full name, address, e-mail address, telephone number, and the last four digits of the Account(s) at issue; and
>
> (2) include the case name and case number of this Action (*Amazing Fishstore v. TD Bank, N.A.*, Case No. 1:22-CV-00958-KMW-AMD (D.N.J.)); and
>
> (3) include a statement with specificity of all grounds for the objection, accompanied by any legal support for the objection; and
>
> (4) state whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and
>
> (5) state the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case; and
>
> (6) state the identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection; and
>
> (7) provide a list of all other class action settlements to which the objector's counsel or counsel's law firm filed an objection within the five (5) years preceding the date that the objector or their counsel files the objection; and

(8) provide a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

(9) state whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing; and

(10) include the objector's signature (<u>an attorney's signature is not sufficient</u>).

15. Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection. To be timely and valid, the objection must be postmarked no later than sixty (60) days after the Notice Deadline. Any Settlement Class Member who does not timely submit such a written objection will not be permitted to raise such objection and any Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any objection to the proposed Settlement, including to the fairness, reasonableness, or adequacy of the Settlement.

16. Upon entry of judgment by the Court in accordance with the Settlement, all Settlement Class Members shall be barred from asserting any Released Claims against the Released Parties and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Parties.

17. Plaintiffs and Class Counsel shall file their motion for their application for attorneys' fees, costs, and expenses, and for Service Awards for Plaintiffs, no later than thirty (30) days after the Notice Deadline.

18. The Final Approval Hearing shall be held before this Court on <u>October 10, 2024</u> at <u>11:00 AM</u>, at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 4A, Camden, NJ 08101, to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and for Service Awards for the Class Representatives.

19. Plaintiffs and Class Counsel shall file their Motion for Final Approval of the Settlement no later than fourteen (14) days before the Final Approval Hearing.

20. Any party to this case, including any Participating Settlement Class Member, may be heard in person or by counsel, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees and costs, the requested Service Awards for the Class Representatives, and any order of Final Approval and judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

21. The Court **ORDERS** that if for any reason the Court does not execute and file an order of Final Approval and judgment, or if such a Final Approval order is reversed (or the Effective Date does not otherwise occur), the Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Agreement.[2]

22. Pending final determination as to whether the Settlement should be approved, the Court hereby asserts jurisdiction over the Settlement Class Members for the purposes of effectuating the Settlement and releasing and dismissing with prejudice their Released Claims.

23. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are **STAYED**. Pending final determination as to whether the Settlement should be approved, Plaintiffs, all members of the Settlement Classes, and persons

---

[2] The Court notes that the Settlement does not constitute an admission, concession, or indication by Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by Defendant, nor of the appropriateness of certification of a litigation class. Neither the fact of this Order nor any of its content, nor the Parties' Agreement and submissions nor any of their contents, nor the fact of Defendant's willingness to enter into a class action settlement, may be used to support certification of a litigation class in this or any other proceeding.

purporting to act on their behalf, are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court of other tribunal asserting any of the Released Claims.

24.     The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members.

KAREN M. WILLIAMS
United States District Judge